CASE 93—PETITION EQUITY—SEPTEMBER 23.

## Rogers v. Thornton.

APPEAL FROM MARION CIRCUIT COURT.

FRAUD—QUIT CLAIM DEED.—Where one sells to another land and fraudulently conceals from him the fact that a suit was pending in which the conveyance to the vendor was sought to be set aside as fraudulent. and the vendee accepts a quit claim deed for the property and executes a note as part of the purchase price, and there is subsequently a judgment setting aside the conveyance to the vendor and adjudging a sale of the property, there is total failure of consideration and the vendor can not recover on the note.

W. E. RUSSELL & SONS FOR APPELLANT.

1. The appellee knew at the time of the sale that the title was in doubt, and one who accepts a quit claim deed takes only the interest of the grantor. Peters v. Gratier, 20 Amer. St. Rept., 508; Stelle & Son v. Sioux Valley Bank, 18 Amer. St. Rept., 370; Garrard v. Crusipher, 15 Amer. St. Rept., 850; Johnson v. Williams, 1 Amer. St. Rep., 243; 35 Neb., 361; 53 N. W. Rept., 140.
2. A matter of opinion, such as expressing an opinion that the title to property is good. does not amount to fraud. Lawson's Rights, Remedies & Practice, 5 Book, p. 3930, sec. 2345; Curry v. Keiser, 30 Ind., 214; Drake v. Latham, 30 Ill., 270.

H. W. RIVES FOR APPELLEE.

(No brief in the record.)

Rogers v. Thornton.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

Rogers and wife sold and conveyed to the appellee, Thornton, a house and lot in Gravel Switch, Ky., at the price of $125, of which $50 was paid in cash and a note for $75 was executed for the balance.  The vendors executed to their vendee and he accepted a quit claim deed for the property.  When sued on the purchase money note Thornton resists recovery upon the ground that the consideration of the note had wholly failed and that its execution had been induced by false representations.  The court sustained his defense and dismissed the petition.  It appears from the record that the wife of Rogers obtained title to the house and lot from her father, and that at the time of her sale of it to Thornton there was pending in the Marion Circuit Court a suit by the creditors of her father, the object of which was to set aside the father's conveyance to her as fraudulent and made to defeat his creditors.

To this suit Rogers and wife had been made parties and had filed their answers.  Shortly after the sale to Thornton, who was ignorant of the pendency of such a suit, judgment was rendered therein setting the deed aside under which the wife of Rogers claimed, and decreeing a sale of the property.

This judgment had been executed and Thornton again bought the property and executed bond for the purchase price.  It is contended for the appellant that because the appellee accepted a quit claim deed, he is without recourse on his grantor.  We think otherwise.  There has been a total failure of consideration and it develops that Mrs. Rogers was not in fact the owner of the property which she

attempted to sell to appellee, and that the vendors fraudulently concealed from their vendee facts material to the transaction:

The judgment is affirmed.